IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>378 North Main Avenue,<br>Tucson, AZ 85701,<br><br>     *Plaintiff*,<br><br>  v.<br><br>DEPARTMENT OF INTERIOR,<br>1849 C Street NW<br>Washington, DC 20240,<br><br>DEPARTMENT OF COMMERCE,<br>1401 Constitution Ave. NW<br>Washington, DC 20230,<br><br>DEPARTMENT OF AGRICULTURE,<br>1400 Independence Ave. SW<br>Washington, DC 20250,<br><br>ENVIRONMENTAL PROTECTION AGENCY,<br>1200 Pennsylvania Ave. NW<br>Washington, DC 20460,<br><br>     *Defendants*. | Civil Action No: 1:25-cv-01131 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.  The Center for Biological Diversity (the Center) brings this action to compel multiple federal agencies [Department of Interior (Interior), Department of Commerce (Commerce), Department of Agriculture (USDA), Environmental Protection Agency (EPA) (collectively, Defendants)] to disclose records under the Freedom of Information Act, 5 U.S.C. § 552, as amended (FOIA). The records at issue document the Defendants' implementation of an

1

Executive Order which affects air and water quality, climate change, imperiled plants and wildlife, public lands, human health, and environmental justice. These records are subject to FOIA, and their relevance is time sensitive.

2. Specifically, on January 20, 2025 President Trump issued Executive Order 14154, "Unleashing American Energy." Section 3(b) of the Order directs the heads of all federal agencies to "develop and begin implementing action plans" to eliminate a wide range of "agency actions" identified as impediments to energy development.

3. Given the substantial implications for air and water, wildlife and nature, climate, public lands, and the environment generally through the development of energy resources, the Center is deeply interested in, and affected by, how the action plans implementing the Executive Order could harm, undermine, or negate the Center's longstanding efforts to protect the environment and the livability of our planet. Thus, Plaintiff sought under FOIA, but Defendants have to date failed to produce, any records relating to those action plans.

4. Plaintiff's FOIA request specifically targets "records, *excluding emails*, documenting the [respective agency's] implementation of Section 3(b)" of the Executive Order. These records are important for the public to understand how Defendants' deregulatory activities threaten the numerous environmental protections embodied in regulations, orders, and guidance documents, and other agency actions relating to energy development.

5. The Center submitted its FOIA request to Defendants on February 20, 2025, and the Center has not received any responsive records to date.

6. Prompt access to these records is necessary to realize FOIA's purpose of transparency in government operations. FOIA establishes clear deadlines and requirements for FOIA responses, and Defendants are in violation of these statutory duties. Therefore, through this

Complaint, the Center seeks (1) declaratory relief establishing that Defendants violated FOIA and (2) injunctive relief ordering Defendants to make an immediate determination on the Center's FOIA requests and promptly release all requested records and information, including all reasonably segregable portions of any lawfully exempt records, by a date certain.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

8. This Court has authority to grant the requested declaratory relief pursuant to 28 U.S.C. § 2201, and authority to grant the requested injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

9. Venue is proper in this Court because this case is brought under FOIA and because Defendants' offices and the requested records are located in this district. 5 U.S.C. § 552(a)(4)(B); 28 U.S.C. § 1391(e)(1).

## PARTIES

10. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY (the Center) is a nonprofit organization with offices and staff throughout the United States. The Center works through science, law, and policy to maintain and increase protections for air and water; plants, animals, and their native habitats; a livable climate; public lands; and healthy communities. The Center has more than 93,000 active members throughout the United States and the world.

11. The Center is the requester of the information and records at issue. The organization and its members are harmed by Defendants' failure to disclose the requested information and records that are responsive to the Center's FOIA Requests. This violation of law precludes the Center from understanding important information about plans for eliminating rules

3

and orders that currently protect air and water, wildlife and nature, public lands, the climate, and vulnerable communities and if and how such plans will be carried out and implemented.

12. This information and the Center's subsequent analyses of it will help to inform and prioritize the Center's organizational mission, including determining where to direct resources and develop alternate strategies. The Center will also share the requested information with its members and the public in general to keep them informed about mounting threats to clean air and water, wildlife and nature protections, public lands, climate, and vulnerable communities and potential avenues for response. The requested records and information will also be used to inform Congressional representatives and their staffs about threats to the environment.

13. The Center's interests and activities are adversely affected by Defendants' failure to disclose the requested records. This injury will be redressed if the Court orders Defendants to disclose the requested records.

14. Defendant DEPARTMENT OF COMMERCE is an agency of the U.S. government. Department of Commerce is a federal agency within the meaning of FOIA, possesses and controls the records the Center seeks, and the agency is subject to FOIA. *See* 5 U.S.C. § 552(f) (defining "agency" to include "any executive department … or other establishment in the executive branch of the Government (including the Executive Office of the President))."

15. Defendant DEPARTMENT OF INTERIOR is an agency of the U.S. government, tasked with protecting and managing federal public land. The Department of Interior is a federal agency within the meaning of FOIA, possesses and controls the records the Center seeks, and is subject to FOIA. *See* 5 U.S.C. § 552(f).

16. Defendant DEPARTMENT OF AGRICULTURE is an agency of the U.S. government. The Department of Agriculture is a federal agency within the meaning of FOIA, in possession and control of the records the Center seeks, and is subject to FOIA. *See* 5 U.S.C. § 552(f).

17. Defendant U.S. ENVIRONMENTAL PROTECTION AGENCY is an independent federal agency tasked with protecting human health and the environment. EPA is a federal agency within the meaning of FOIA, is in possession and control of the records the Center seeks, and is subject to FOIA. *See* 5 U.S.C. § 552(f).

## STATUTORY BACKGROUND

18. FOIA's primary purpose is to improve government transparency and accountability by requiring the disclosure of agency records and information. It establishes the public's right to access all federal agency records, 5 U.S.C. § 552(a), unless one or more narrow statutory exemptions apply, *id*. § 552(b).

19. FOIA imposes strict and rigorous deadlines for agencies to respond to FOIA requests. Specifically, within 20 business days of receiving a request, an agency must (1) determine if it will release the requested records and (2) notify the requester of (a) its determination and reasons for it, (b) the right to seek assistance from the FOIA Public Liaison, and (c) the right to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(A)(i).

20. FOIA provides only limited circumstances under which a federal agency may take longer than 20 business days to make a determination. First, the agency may toll the 20 business day deadline for up to ten additional business days while the agency is waiting for the information that it has reasonably requested from the requester. 5 U.S.C. § 552(a)(6)(A)(ii)(I). Second, the agency may also toll the 20 business day deadline for up to ten additional business

days if it needs to clarify with the requester any issues regarding fee assessment. 5 U.S.C. § 552(a)(6)(A)(ii)(II). Additionally, if the agency faces "unusual circumstances," the agency may extend the 20 business day deadline if the agency sets "forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). No extension will exceed ten business days unless the agency provides written notice to the requester explaining the "unusual circumstances" requiring an extension, establishes the date on which the agency expects to make the determination, and gives the requester "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii). Under FOIA, "unusual circumstances" are defined as "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request[,]" or "the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request," or "the need for consultations . . . with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

21.     Unless an agency subject to FOIA properly establishes a different timeline for disclosing responsive records, according to the above provisions, FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide responsive records to a requester within or shortly after the 20-day deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

22. Agencies must make a reasonable effort to maintain and search for records so all responsive records can be identified and reproduced. 5 U.S.C. § 552(a)(3)(B)–(D).

23. In certain limited instances, an agency may withhold responsive records pursuant to nine specific statutory exemptions. 5 U.S.C. § 552(b). These exemptions are narrowly construed given FOIA's primary objective of disclosure of information, not secrecy.

24. An agency bears the burden of proof if it claims any exemption applies to withhold responsive documents. 5 U.S.C. § 552(a)(4)(B). Even where records may be exempt from disclosure, FOIA expressly requires agencies to disclose reasonably segregable portions of those records. *Id*. § 552(b).

25. FOIA grants this Court jurisdiction "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

Department of Interior

26. The Center sent a FOIA request to Department of Interior, Office of the Secretary (OS) on February 20, 2025, requesting "1) From January 20, 2025 to the date OS conducts this search: the records, *excluding emails*, documenting the Interior's implementation of Section 3(b) of the Executive Order "Unleashing American Energy." (Jan. 20, 2025); and 2) From February 3, 2025 to the date OS conducts this search, the final action plans required by Section 4 in Secretarial Order 3418."

27. Department of Interior Secretarial Order 3418 implements Executive Order "Unleashing American Energy" by requiring the agency to review all agency actions and submit

action plans explaining how it may comply with the deregulatory purpose of Section 3 of the Executive Order.

28. Department of Interior, Office of the Secretary acknowledged the Center's FOIA request by electronic mail on February 25, 2025, assigning it tracking number DOI-2025-004003. The agency also stated that they would take a 10-day workday extension under 43 C.F.R. § 2.19 because of the need to search for and collect records from field facilities.

29. Pursuant to FOIA, and including the 10-day extension, Interior was required to make a determination on the Center's FOIA request by April 4, 2025. 5 U.S.C. § 552(a)(6)(A)(i); 5 C.F.R. § 1303.40(a).

30. The Center sent the agency a letter on April 4, 2025, reminding it of its obligations and deadline, and requesting an estimated completion date.

31. On April 11, 2025 Interior replied that it "hoped" to have an interim response by May 5, 2025.

32. To date, the Center has received no responsive records.

33. More than 31 business days have passed without a determination or release of any records from Interior, in violation of FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

34. Interior has not requested additional information from the Center about its FOIA request, *see* 5 U.S.C. § 522(a)(6)(A), nor has it notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination, *id.* § 522(a)(6)(B).

35. Interior's failure to make a timely determination and "promptly" provide all responsive records to the Center undermines FOIA's primary purpose of transparency and openness in government.

36. Interior holds and maintains the records at issue, which include the deregulatory actions the agency intends to take pursuant to Section 3(b) of Executive Order "Unleashing American Energy." The requested records will shed valuable light on Interior's planned actions that could have impacts to the Center's substantial, demonstrated interests in air and water quality; climate change, imperiled plants and wildlife; public lands; human health; environmental justice; and other issues at stake.

Department of Commerce

37. The Center sent a FOIA request to Department of Commerce on February 20, 2025, requesting "the records, *excluding emails*, documenting EPA's implementation of Section 3(b) of the Executive Order "Unleashing American Energy." (Jan. 20, 2025)."

38. Commerce acknowledged the Center's FOIA request by electronic mail on February 20, 2025, assigning it tracking number DOC-OS-2025-001122. On February 25, 2025, Commerce changed the Center's tracking number to DOC-IOS-2025-001149.

39. Pursuant to FOIA, Commerce was required to make a determination on the Center's FOIA request by March 20, 2025. 5 U.S.C. § 552(a)(6)(A)(i).

40. On March 3, 3025, Commerce told the Center that it would not be able to respond by the statutory deadline, citing "unusual circumstances," but not providing a date by which it would produce or start to responsive records or any determination. 5 U.S.C. 552(a)(6)(B)(i)-(iii).

41. After receiving no further communication from Commerce, the Center sent the agency a letter on April 4, 2025, reminding it of its obligations and requesting an estimated completion date.

42. On April 11, 2025, Commerce advised that a search for potentially responsive records was still pending, but failed to indicate a date by which it would produce or start to produce responsive records or any determination.

43. To date, the Center has received no responsive records.

44. Commerce has not requested additional information from the Center about its FOIA request, *see* 5 U.S.C. § 522(a)(6)(A), and more than 31 business days have passed without a determination or release of any records from Commerce, in violation of FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

45. Commerce's failure to make a timely determination and "promptly" provide all responsive records to the Center undermines FOIA's primary purpose of transparency and openness in government.

46. Commerce holds and maintains the records at issue, which include the deregulatory actions the agency intends to take pursuant to Section 3(b) of Executive Order "Unleashing American Energy." The requested records will shed valuable light on the Commerce's planned actions that could have impacts to the Center's substantial, demonstrated interests in air and water quality; climate change, imperiled plants and wildlife; public lands; human health; environmental justice; and other issues at stake.

Department of Agriculture

47. The Center sent a FOIA request to USDA on February 20, 2025, requesting "the records, *excluding emails*, documenting USDA's implementation of Section 3(b) of the Executive Order 'Unleashing American Energy.' (Jan. 20, 2025)."

48. USDA acknowledged receipt of the Center's FOIA request by electronic mail on February 20, 2025, assigning it tracking number 2025-DA-04825-F.

49. Pursuant to FOIA, USDA was required to make a determination on the Center's FOIA request by March 20, 2025. 5 U.S.C. § 552(a)(6)(A)(i).

50. After receiving no further communication from USDA, the Center sent the agency a letter on March 20, 2025, reminding it of its obligations and requesting an update on the status of the request.

51. USDA responded on March 21, 2025, indicating that the Center's request had been added to USDA's FOIA backlog. USDA failed to indicate a date by which it would produce or start to produce responsive records or any determination.

52. To date, the Center has received no responsive records.

53. More than 21 business days have passed without a determination or release of any records from USDA, in violation of FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

54. USDA has not requested additional information from the Center about its FOIA request, *see* 5 U.S.C. § 522(a)(6)(A), nor has it notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination, *id.* § 522(a)(6)(B).

55. USDA's failure to make a timely determination and "promptly" provide all responsive records to the Center undermines FOIA's primary purpose of transparency and openness in government.

56. USDA holds and maintains the records at issue, which include the deregulatory actions the agency intends to take pursuant to Section 3(b) of Executive Order "Unleashing American Energy." The requested records will shed valuable light on the USDA's planned actions that could have impacts to the Center's substantial, demonstrated interests in air and

water quality; climate change, imperiled plants and wildlife; public lands; human health; environmental justice; and other issues at stake.

Environmental Protection Agency

57. The Center sent a FOIA request to EPA on February 20, 2025, requesting "the records, *excluding emails*, documenting EPA's implementation of Section 3(b) of the Executive Order "Unleashing American Energy." (Jan. 20, 2025)."

58. EPA acknowledged receipt of the Center's FOIA request by electronic mail on February 25, 2025, assigning it tracking number 2025-EPA-04013.

59. Pursuant to FOIA, EPA was required to make a determination on the Center's FOIA request by March 20, 2025. 5 U.S.C. § 552(a)(6)(A)(i).

60. On March 20, 2025, the Center requested an update on its FOIA request.

61. EPA responded on March 26, 2025, that it initiated a search but required an extension pursuant to 40 C.F.R. § 2.104(d). EPA set April 9, 2025 as the new due date.

62. To date, the Center has received no responsive records.

63. EPA has not requested additional information from the Center about its FOIA request, *see* 5 U.S.C. § 522(a)(6)(A), nor has it notified the Center of any "unusual circumstances" that prevent it from complying with the deadline for a determination, *id.* § 522(a)(6)(B); 40 C.F.R. § 2.104(f).

64. EPA's failure to make a timely determination and promptly provide all responsive records to the Center undermines FOIA's primary purpose of transparency and openness in government.

65. EPA holds and maintains the records at issue, which include the deregulatory actions the agency intends to take pursuant to Section 3(b) of Executive Order "Unleashing

American Energy." The requested records will shed valuable light on the EPA's planned actions that could have impacts to the Center's substantial, demonstrated interests in air and water quality; climate change, imperiled plants and wildlife; public lands; human health; environmental justice; and other issues at stake.

## FIRST CLAIM FOR RELIEF

### Department of Interior - Violation of the Freedom of Information Act

66. The Center re-alleges and incorporates by reference all allegations made in this complaint.

67. The Center has a statutory right of access to information and records requested under FOIA, and there is no lawful basis for Interior's withholding of this information.

68. Interior's failure to disclose the requested information and records responsive to the Center's FOIA Request violates FOIA, 5 U.S.C. § 552(a)(3), and injures Plaintiff in the manner described herein.

## SECOND CLAIM FOR RELIEF

### Department of Commerce - Violation of the Freedom of Information Act

69. The Center re-alleges and incorporates by reference all allegations made in this complaint.

70. The Center has a statutory right of access to information and records requested under FOIA, and there is no lawful basis for Commerce's withholding of this information.

71. Commerce's failure to disclose the requested information and records responsive to the Center's FOIA Request violates FOIA, 5 U.S.C. § 552(a)(3), and injures Plaintiff in the manner described herein.

## THIRD CLAIM FOR RELIEF

### Department of Agriculture - Violation of the Freedom of Information Act

72. The Center re-alleges and incorporates by reference all allegations made in this complaint.

73. The Center has a statutory right of access to information and records requested under FOIA, and there is no lawful basis for USDA's withholding of this information.

74. USDA's failure to disclose the requested information and records responsive to the Center's FOIA Request violates FOIA, 5 U.S.C. § 552(a)(3), and injures Plaintiff in the manner described herein.

## FOURTH CLAIM FOR RELIEF

### Environmental Protection Agency - Violation of the Freedom of Information Act

75. The Center re-alleges and incorporates by reference all allegations made in this complaint.

76. The Center has a statutory right of access to information and records requested under FOIA, and there is no lawful basis for EPA's withholding of this information.

77. EPA's failure to disclose the requested information and records responsive to the Center's FOIA Request violates FOIA, 5 U.S.C. § 552(a)(3), and injures Plaintiff in the manner described herein.

## REQUEST FOR RELIEF

The Center respectfully requests this Court to grant the following relief:

(A) Enjoin Defendants from continuing to withhold any non-exempt responsive records and/or segregable portions of otherwise lawfully exempt responsive records.

      (B)      Order Defendants to immediately make a determination on the Center's February 20, 2025, FOIA requests.

      (C)      Declare that Defendants violated the Freedom of Information Act by failing to lawfully satisfy the Center's February 20, 2025, FOIA requests.

      (D)      Retain jurisdiction of this action to ensure the timely processing of the Center's FOIA requests and ensure no agency records are improperly withheld.

      (E)      Award the Center its attorneys' fees and litigation expenses pursuant to 5 U.S.C. § 552(a)(4)(E).

      (F)      Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted on April 16, 2025.

s/ *Amy R. Atwood Greenwald*
Amy R. Atwood Greenwald (DC Bar No. 470258)
Center for Biological Diversity
225 N. Killingsworth St.
Portland, OR 97217
(503) 283-5474
atwood@biologicaldiversity.org

Emily Jeffers (CA Bar No. 274222)*
Center for Biological Diversity
2100 Franklin St., Suite 375
Oakland, CA 94612
(510) 844-7100
ejeffers@biologicaldiversity.org
*Application for admission *pro hac vice* pending

*Attorneys for Plaintiff*
*Center for Biological Diversity*