UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF INTERIOR, et al.,<br><br>Defendants. | Civil Action No. 25-1131 (SLS) |

## ANSWER

Defendants, Department of Interior ("Interior"), Department of Commerce ("Commerce"), Department of Agriculture ("Agriculture"), and Environmental Protection Agency ("EPA") (collectively, "Defendants"), by and through undersigned counsel, respectfully submit this Answer to the Complaint for Declaratory and Injunctive Relief (ECF No. 1) filed by Plaintiff Center for Biological Diversity ("Plaintiff") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other action; or (c) admissible in this, or any other, action.  Defendants expressly deny all allegations in the Complaint including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer.  Defendants respond to the Complaint in like numbered paragraphs as follows:

# INTRODUCTION[1]

1. The allegations in this paragraph consist of Plaintiff's characterization of this action to which no response is required. To the extent that a response is deemed required, Defendants only admit that Plaintiff brings this action under FOIA seeking a response to FOIA requests submitted to each Defendant.

2. This paragraph consists of Plaintiff's characterization of Executive Order 14154 to which no response is required. To the extent that a response is deemed required, Defendants aver that the cited Executive Order is the best evidence of its contents and respectfully refer the Court to the cited Executive Order for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

3. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

4. The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request to which no response is required. To the extent that a response is deemed required, Defendants aver that the cited FOIA request is the best evidence of its contents and respectfully

---

[1] For ease of reference, Defendants replicate the headings contained in the Complaint. Although Defendants believe that responses to the headings in the Complaint are not required, to the extent a response is deemed required and to the extent those headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

refer the Court to the cited document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

5. Defendants only admit Plaintiff submitted a FOIA request to each Defendant on or about February 20, 2025, and as of this filing Defendants Interior and EPA have not issued a final response. Defendant Agriculture, however, issued a final response on May 13, 2025, and Defendant Commerce issued a final determination on Plaintiff's request on June 5, 2025, and communicated it to Plaintiff on June 6, 2025.

6. The allegations contained in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## JURISDICTION AND VENUE

7. The allegations contained in this paragraph consist of Plaintiff's conclusions of law regarding jurisdiction to which no response is required. To the extent that a response is deemed required, Defendants admit that this Court has jurisdiction over claims involving a proper FOIA request, subject to the terms and limitations of FOIA.

8. The allegations contained in this paragraph consist of Plaintiff's conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny that FOIA provides for declaratory relief against a federal agency and admit that this Court may grant injunctive relief involving a proper FOIA request, subject to the terms and limitations of FOIA.

9. The allegations in this paragraph consist of conclusions of law regarding venue to which no response is required. To the extent that a response is deemed required, Defendants admit that venue lies in this judicial district for a proper claim under FOIA.

**PARTIES**

10 - 13.   Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations these paragraphs.

14.   Defendant Commerce admits it is an agency of the United States government, a federal agency within the meaning of FOIA, and is subject to FOIA.  Defendant Commerce further admits that Commerce possesses records responsive to Plaintiff's FOIA request that was submitted to Commerce.  Defendant Commerce further avers that a final determination was made on Plaintiff's request on June 5, 2025, and was communicated to Plaintiff on June 6, 2025.

15.   Defendant Interior only admits it is an agency of the United States government, a federal agency within the meaning of FOIA, and is subject to FOIA.  The remainder of the allegations in this paragraph consist of Plaintiff's legal conclusions to which no response is required.

16.   Defendant Agriculture only admits it is an agency of the United States government, a federal agency within the meaning of FOIA, and is subject to FOIA.  Defendant Agriculture further admits that Agriculture possesses records responsive to Plaintiff's FOIA request submitted to Agriculture and issued a final response on May 13, 2025.

17.   Defendant EPA only admits it is an agency of the United States government, a federal agency within the meaning of FOIA, and is subject to FOIA.  The remainder of the allegations in this paragraph consist of Plaintiff's legal conclusions to which no response is required.

**STATUTORY BACKGROUND**

18 - 25.   The allegations in these paragraphs consist of conclusions of law and Plaintiff's characterization of the FOIA statue to which no response is required.  To the extent that a response

is deemed required, Defendants aver that the FOIA statute is the best evidence of its contents and respectfully refer the Court to the FOIA statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

**FACTUAL BACKGROUND**

Department of Interior

26. Defendant Interior only admits that it received a FOIA request from Plaintiff on or about February 20, 2025. Defendants aver that the FOIA request is the best evidence of its contents and respectfully refer the Court to the FOIA request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

27. This paragraph consists of Plaintiff's interpretation of a Secretarial Order. Defendants aver that the Secretarial Order is the best evidence of its contents and respectfully refer the Court to the Secretarial Order for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

28. Defendant Interior only admits that Plaintiff was notified via email that its FOIA request was assigned tracking number DOI-2025-004003 and took the 10-day extension. Defendants aver that the correspondence is the best evidence of its contents and respectfully refer the Court to the correspondence for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

29. The allegations in this paragraph consist of conclusions of law and Plaintiff's characterization of the FOIA statue to which no response is required. To the extent that a response is deemed required, Defendants aver that the FOIA statute is the best evidence of its contents and respectfully refer the Court to the FOIA statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

30. Defendant Interior admits that via email on or about April 4, 2025, Plaintiff asked for an estimated completion date. Defendants aver that the correspondence is the best evidence of its contents and respectfully refer the Court to the correspondence for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

31. Defendant Interior admits that Interior contacted Plaintiff via email on or about April 11, 2025. Defendants aver that the correspondence is the best evidence of its contents and respectfully refer the Court to the correspondence for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

32. Defendant Interior admits that, as of this filing, it has not made a final determination with regard to Plaintiff's FOIA request.

33. Defendant Interior admits that, as of this filing, it has not made a final determination with regard to Plaintiff's FOIA request.

34. Defendant Interior denies that it has not notified Plaintiff with regard to Plaintiff's request being subject to "unusual circumstances." Defendant Interior's February 25, 2025, acknowledgement letter, which Plaintiff cites, specifically states that Interior will be taking a 10-day extension pursuant to 43 CFR § 2.19. Defendants further aver that the correspondence is the best evidence of its contents and respectfully refer the Court to the correspondence for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

35. This paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent any response is deemed required, Defendants deny that it is in violation of FOIA.

36. The first sentence in this paragraph contains conclusions of law, to which no response is required. As to the reminder of the allegations in this paragraph, to the extent such

allegations seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the remaining allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

Department of Commerce

37. Defendant Commerce only admits that it received a FOIA request from Plaintiff on or about February 20, 2025. Defendants aver that the FOIA request is the best evidence of its contents and respectfully refer the Court to the FOIA request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

38. Defendant Commerce admits that on February 20, 2025, an automated acknowledgement was sent on Commerce's behalf by FOIAXpress to Plaintiff, acknowledging the FOIA request and assigning tracking number DOC-OS-2025-001122 to the request. Defendant Commerce further admits that on February 25, 2025, FOIAXpress sent an automated notice on Commerce's behalf to Plaintiff, informing Plaintiff that the tracking number had been changed by the agency to DOC-IOS-2025-001149. Defendants aver that the pieces of correspondences are the best evidence of their contents and respectfully refer the Court to the correspondence for a complete and accurate statement of the contents thereof and deny any allegations inconsistent therewith.

39. The allegations in this paragraph consist of conclusions of law and Plaintiff's characterization of the FOIA statue to which no response is required. To the extent that a response is deemed required, Defendants aver that the FOIA statute is the best evidence of its contents and

respectfully refer the Court to the FOIA statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

40. Defendant Commerce only admits that it sent Plaintiff an email on March 3, 2025. Defendants aver that the correspondence is the best evidence of its contents and respectfully refer the Court to the correspondence for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

41. Defendant Commerce only admits that it did not initiate communications between March 3, 2025, and April 4, 2025, and that on April 4, 2025, Commerce received a letter from Plaintiff. Defendants aver that the correspondence is the best evidence of its contents and respectfully refer the Court to the correspondence for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

42. Defendant Commerce only admits that it sent Plaintiff an email regarding Plaintiff's request on April 11, 2025. Defendants aver that the correspondence is the best evidence of its contents and respectfully refer the Court to the correspondence for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

43. Defendant Commerce only admits that, as of the date of filing of the complaint, it had not yet made a final determination upon Plaintiff's request to Commerce. Defendant Commerce, however, avers that a final determination was made on Plaintiff's request on June 5, 2025, and communicated to Plaintiff on June 6, 2025.

44. Defendant Commerce only admits that, as of the date of filing of the complaint, it had not yet made a final determination upon Plaintiff's request to Commerce. Defendant Commerce, however, avers that a final determination was made on Plaintiff's request on June 5, 2025, and communicated to Plaintiff on June 6, 2025.

45. This paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent any response is deemed required, Defendants deny the allegations in this paragraph.

46. As to the first sentence in this paragraph, Defendant Commerce only admits that Commerce possesses records responsive to Plaintiff's FOIA request submitted to Commerce and avers that a final determination was made on Plaintiff's request on June 5, 2025, and communicated to Plaintiff on June 6, 2025. As to the reminder of the allegations in this paragraph, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the remaining allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

Department of Agriculture

47. Defendant Agriculture only admits that it received a FOIA request from Plaintiff on or about February 20, 2025. Defendants aver that the FOIA request is the best evidence of its contents and respectfully refer the Court to the FOIA request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

48. Defendant Agriculture denies the allegations in this paragraph and avers that Agriculture's Office of Information Affairs did not acknowledge receipt of the request on February 20, 2025, but rather, the FOIAXpress PAL system sent an automatically generated Request Acknowledgement to the requester on February 20, 2025. Defendants aver that the correspondence is the best evidence of its contents and respectfully refer the Court to the

correspondence for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

49. The allegations in this paragraph consist of conclusions of law and Plaintiff's characterization of the FOIA statue to which no response is required. To the extent that a response is deemed required, Defendants aver that the FOIA statute is the best evidence of its contents and respectfully refer the Court to the FOIA statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

50. Defendant Agriculture only admits that Agriculture's Office of Information Affairs received an email from Plaintiff an email on March 20, 2025. Defendants aver that the correspondence is the best evidence of its contents and respectfully refer the Court to the correspondence for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

51. Defendant Agriculture denies the allegations in this paragraph. Defendant Agriculture avers that on March 20, 2025, Agriculture's Office of Information Affairs responded to the email from Plaintiff and indicated that the FOIA request had been assigned to a senior FOIA analyst and, on March 21, 2025, Agriculture's Office of Information Affairs sent an acknowledgement to the requester. Defendants further aver that the correspondence is the best evidence of its contents and respectfully refer the Court to the correspondence for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

52. Defendant Agriculture only admits that, as of the date of filing of the complaint, Defendant Agriculture had not issued a response to Plaintiff's FOIA request submitted to Agriculture. Defendant Agriculture, however, avers that it issued a final response on May 13, 2025.

53. The allegations in this paragraph consist of conclusions of law and Plaintiff's characterization of the FOIA statue to which no response is required. To the extent that a response may be required, Defendant Agriculture only admits that, as of the date of filing of the complaint, Defendant Agriculture had not issued a response to Plaintiff's FOIA request submitted to Agriculture. Defendant Agriculture avers that it issued a final response on May 13, 2025.

54. Defendant Agriculture only admits that, as of the date of filing of the complaint, Defendant Agriculture had not issued a response to Plaintiff's FOIA request submitted to Agriculture. Defendant Agriculture, however, avers that it issued a final response on May 13, 2025.

55. This paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent any response is deemed required, Defendants deny the allegations in this paragraph.

56. As to the first sentence in this paragraph, Defendant Agriculture only admits that Agriculture possesses records responsive to Plaintiff's FOIA request submitted to Agriculture. As to the reminder of the allegations in this paragraph, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the remaining allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

Environmental Protection Agency

57. Defendant EPA only admits that it received a FOIA request from Plaintiff on or about February 20, 2025. Defendants aver that the FOIA request is the best evidence of its contents

and respectfully refer the Court to the FOIA request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

58. Defendant EPA only admits that Plaintiff was notified via email that its FOIA request was assigned tracking number 2025-EPA-04013. Defendants aver that the correspondence is the best evidence of its contents and respectfully refer the Court to the correspondence for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

59. The allegations in this paragraph consist of conclusions of law and Plaintiff's characterization of the FOIA statue to which no response is required. To the extent that a response is deemed required, Defendants aver that the FOIA statute is the best evidence of its contents and respectfully refer the Court to the FOIA statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

60. Defendant EPA lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Defendants, however, aver that the cited correspondence is the best evidence of its contents and respectfully refer the Court to the cited correspondence for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

61. Defendant EPA admits only that that it sent Plaintiff correspondence on March 26, 2025. Defendants aver that the cited correspondence is the best evidence of its contents and respectfully refer the Court to the cited correspondence for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

62. Defendant EPA only admits that, as of the date of filing of the complaint, it had not yet made a final determination upon Plaintiff's request to EPA.

63. Defendant EPA admits only that it has not requested additional information from Plaintiff about its FOIA request. Defendant EPA denies the remaining allegations in this paragraph. Defendant EPA avers that that the March 26 correspondence is the best evidence of its contents and respectfully refers the Court to the March 26 correspondence for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

64. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent any response is deemed required, Defendants deny the allegations in this paragraph.

65. As to the first sentence in this paragraph, Defendant EPA lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. As to the reminder of the allegations in this paragraph, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the remaining allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

## FIRST CLAIM FOR RELIEF

**Department of Interior - Violation of the Freedom of Information Act**

66. Defendants reallege and incorporate by reference all of the preceding paragraphs of this Answer as if fully stated herein.

67. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

68. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## SECOND CLAIM FOR RELIEF

### Department of Commerce - Violation of the Freedom of Information Act

69. Defendants reallege and incorporate by reference all of the preceding paragraphs of this Answer as if fully stated herein.

70. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

71. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## THIRD CLAIM FOR RELIEF

### Department of Agriculture - Violation of the Freedom of Information Act

72. Defendants reallege and incorporate by reference all of the preceding paragraphs of this Answer as if fully stated herein.

73. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

74. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## FOURTH CLAIM FOR RELIEF

### Environmental Protection Agency - Violation of the Freedom of Information Act

75. Defendants reallege and incorporate by reference all of the preceding paragraphs of this Answer as if fully stated herein.

76. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

77. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's request for relief to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to them through the course of the litigation. Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

## SECOND DEFENSE

Defendants conducted an adequate search for documents responsive to Plaintiff's FOIA requests.

## THIRD DEFENSE

FOIA does not provide for declaratory relief against a federal agency.

## FOURTH DEFENSE

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA.

## FIFTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480,

at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

## SIXTH DEFENSE

Defendants have not improperly withheld records requested by Plaintiff under FOIA.

## SEVENTH DEFENSE

Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

## EIGHTH DEFENSE

Defendants have exercised due diligence in processing Plaintiff's FOIA requests and, as to some or all of the requests, exceptional circumstances exist that necessitate additional time for Defendants to continue the processing of Plaintiff's FOIA requests.

## NINTH DEFENSE

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

## TENTH DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

Dated: June 24, 2025  
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO  
United States Attorney

By:     */s/ Stephanie R. Johnson*  
    STEPHANIE R. JOHNSON,  
      D.C. Bar # 1632338  
    Assistant United States Attorney  
    Civil Division  
    601 D Street, NW  
    Washington, DC 20530  
    (202) 252-7874  
    Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*